O'CONNOR PLAYDON & GUBEN LLP
A Limited Liability Law Partnership

DENNIS E.W. O'CONNOR JR.    4084
733 Bishop Street, 24th Floor
Honolulu, Hawaii  96813
Telephone:(808) 524-8350
Facsimile: (808) 531-8628
doj@opgilaw.com


JAY LAWRENCE FRIEDHEIM     4516
Admiralty Advocates®
866 Iwilei Road, Suite 201
Honolulu, Hawaii  96817
Telephone:(808) 545-5454
Facsimile: (808) 528-1818
Jay@AdmiraltyAdvocates.com

Attorneys for Plaintiff
MICHAEL GARDNER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL GARDNER,<br><br>    Plaintiff,<br><br>vs.<br><br>BRANDSAFWAY LLC;<br>BRANDSAFWAY SERVICES LLC<br>aka SAFWAY SERVICES LLC;<br>BRANDSAFWAY INDUSTRIES LLC;<br>BRANDSAFWAY SOLUTIONS LLC;<br>THYSSENKRUPP SAFWAY, INC.<br>aka SAFEWAY SERVICES, INC.;<br>UNITED STATES OF AMERICA;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE PARTNERSHIPS 1-10; DOE | CIVIL NO.<br><br>COMPLAINT; DEMAND FOR<br>JURY TRIAL; SUMMONS |

702798/21-57/DOJ

CORPORATIONS 1-10; DOE
GOVERNMENTAL UNITS 1-10; and
DOE ENTITIES 1-10,

        Defendants.

## COMPLAINT

COMES NOW MICHAEL GARDNER, and hereby claims relief against the above named defendants as follows:

### I.    JURISDICTION AND VENUE

1. This case involves an admiralty and maritime tort, and the Complaint sets forth claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure since the tort and injury that occurred on navigable waters and/or bear a significant relationship to traditional maritime activity.

2. This Court has jurisdiction over the claims asserted against the below named non-governmental entities pursuant to 28 U.S.C section 1333 and the general maritime law of the United States.  Alternatively, the Court has jurisdiction against the non-governmental entities based upon diversity jurisdiction 28 U.S.S. section 1332.  Plaintiff does not waive any right to a jury trial for the Plaintiff afforded under the diversity of citizenship jurisdiction of 28 U.S.C. § 1332 against the non-governmental entities.

3. This Court has jurisdiction over the claims against the UNITED STATES OF AMERICA pursuant to the above cited admiralty statutes and general

maritime law. The Court has jurisdiction over the UNITED STATES OF AMERICA and the claims against it pursuant to the Suits in Admiralty Act (SAA) 46 U.S.C. section 30901 et seq., and/or the Public Vessels Act (PVA) 46 U.S.C. section 31101 et seq., and/or the Federal Tort Claims Act (FTCA) 28 U.S.C. section 1346(b) et seq.; since the Defendant UNITED STATES OF AMERICA waived sovereign immunity to suit by the enactment of these aforesaid statutes.

4. The amount in controversy exceeds Seventy Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs. The non-governmental parties to this case satisfy the diversity of citizenship requirements since those parties are citizens of different states from Plaintiff.

5. Venue is proper in this district since the non-governmental Defendants are or were doing business here, the U.S.S. HOPPER was and is home ported at Pearl Harbor, the renovation and refitting of the vessel by Defendants was taking place at the PHNSY when Plaintiff was injured, and the acts and omissions and injuries and damages complained of occurred within this jurisdiction.

## II. PARTIES

6. At all relevant times herein, Plaintiff MICHAEL GARDNER ("Plaintiff") was a resident and citizen of the State of Hawaii.

7. Defendant BRANDSAFWAY LLC ("BRANDSAFWAY") is a Delaware limited liability company with its primary place of business in Georgia, it

is registered to do business in the State of Hawaii and was conducting business in the district of this court during the times relevant herein.

8. Defendant BRANDSAFWAY SERVICES LLC aka SAFWAY SERVICES LLC is a Delaware limited liability company with its primary place of business in Georgia, it is registered to do business in the State of Hawaii and was conducting business in the district of this court during the times relevant herein.

9. Defendant BRANDSAFWAY INDUSTRIES LLC is a Delaware limited liability company with its primary place of business in Georgia, it is registered to do business in the State of Hawaii and was conducting business in the district of this court during the times relevant herein..

10. Defendant BRANDSAFWAY SOLUTIONS LLC is a Texas limited liability company with its primary place of business in Georgia, it is registered to do business in the State of Hawaii and was conducting business in the district of this court during the times relevant herein.

11. Defendant THYSSENKRUPP SAFWAY, INC. aka SAFEWAY SERVICES, INC. is a Delaware for profit corporation with its primary place of business in Wisconsin, it is registered to do business in the State of Hawaii and was conducting business in the district of this court during the times relevant herein.

12. Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE GOVERNMENTAL

UNITS 1-10, and DOE ENTITIES 1-10 are persons, corporations, entities or governmental units who are sued herein under fictitious names, for the reasons that those names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiff or his attorneys and which in some manner presently unknown to Plaintiff may be connected in some manner with Defendants and/or were the agents, employees, employers, representatives, partners, associates, consultants, and/or were in some manner presently unknown to Plaintiff responsible (whether by contract, warranty, tort or otherwise) for the damages and injuries suffered by Plaintiff.  Plaintiff has reviewed all facts available to him to identify DOES and their activities and/or responsibilities and will continue such investigation as the case progresses.  Plaintiff prays for leave to amend this Complaint to insert herein their true names, identities, capacities, activities, and/or responsibilities when they are ascertained.

### III.   FACTUAL BACKGROUND

13.   On or about June 19, 2020, Plaintiff was working as a welder for BAE Systems Hawaii aboard U.S.S. HOPPER while it was in the Pearl Harbor Naval Shipyard for renovation and repair.

14.   Defendant UNITED STATES OF AMERICA, acting through the UNITED STATES NAVY owned and operated U.S.S. HOPPER.  The U.S.S. HOPPER was undergoing renovation and repair ("project") at the PEARL

HARBOR NAVAL SHIPYARD ("PHNSY") which project was overseen and supervised by NAVAL SEA SYSTEMS COMMAND which runs PHNSY.

15. BRANDSAFWAY defendants were the scaffolding subcontractor on the project.

16. Defendants were responsible for the provision, installation, rigging and safety of scaffolding aboard U.S.S. HOPPER while it was being repaired and renovated at PHNSY. The staging and scaffolding included a ladder and staging to be used by Plaintiff during his work aboard the vessel.

17. On or about June 19, 2020, Plaintiff sustained severe bodily injury while climbing a ladder to staging/scaffolding that was installed by Defendants when his head struck a low-hanging vent.

18. The low-hanging vent constituted a hazard and the rigging of the ladder was such that there was not sufficient clearance overhead for anyone using the ladder, the vent was not marked or padded, and there were no warning signs concerning the insufficient overhead clearance on the rigged ladder.

### IV.  NEGLIGENCE

19. Plaintiff repeats, reiterates, and incorporates by reference herein the allegations contained in paragraphs 1 through 18 above.

20. Acting through its agents and employees, Defendants were negligent in the provision, installation, rigging and safety of the scaffolding, staging and ladder used by Plaintiff on June 19, 2020 including but not limited to:

    a. Creating and maintaining a hazardous and dangerous condition.

    b. Failure to provide with sufficient overhead clearance for those using the ladder to access the scaffolding platform/staging.

    c. Failing to warn and to provide adequate warnings of the hazardous and dangerous condition and insufficient clearance.

    d. Violating custom and practice of the scaffolding industry as well as the reasonable man standard in placement of the ladder.

    e. Failure to provide scaffolding, platforms and ladder that met the requirements of the U.S. NAVY, OHSA and DOSHA and/or any other applicable safety standards.

    f. Failure to provide appropriate and adequate safety provisions such as shielding and/or cushioning in areas without appropriate clearance.

   g. Failure to have proper policies and procedures for the safety of workers using the ladder, scaffolding, and platform/staging.

   h. Failure to train employees and rigging crews properly in the installation of scaffolding, ladders, platforms/staging and provision of warnings and/or safety equipment.

  21. Defendants had a duty to ensure that the scaffolding, ladder, and platform/staging would be erected in and used in a safe manner by Plaintiff while welding.

  22. Defendants breached their duties.

  23. As a direct and proximate result of Defendants' negligence, Plaintiff sustained fractures of his cervical vertebrae with symptoms into both shoulders, arms, and hands for which he has undergone surgery. Plaintiff also sustained upper and lower back injuries. Plaintiff suffered and continues to suffer significant pain, weakness, numbness, suffering, and damages, in amounts to be proven at trial.

  24. As a further direct and proximate result of Defendants' negligence, Plaintiff incurred past and future medical expenses and pain, suffering, and damages, in amounts to be proven at trial.

25. As a further direct and proximate result of Defendants' negligence, Plaintiff has lost, and will continue to lose earnings, wages, benefits, household services, earning capacity, work life expectancy, enjoyment of life and income in amounts to be proven at trial.

V. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

26. Plaintiff repeats, reiterates, and incorporates by reference herein the allegations contained in paragraphs 1 through 25 above.

27. As a further direct and proximate result of the incident, the negligence of Defendants, and the injuries sustained, Plaintiff suffered and suffers emotional distress. Plaintiff is entitled to compensation for his emotional distress in amounts to be shown at trial.

VI. **PRAYER**

WHEREFORE, Plaintiff prays that judgment be entered in his favor, over and against Defendants BRANDSAFWAY LLC, BRANDSAFWAY SERVICES LLC aka SAFWAY SERVICES LLC, BRANDSAFWAY INDUSTRIES LLC, BRANDSAFWAY SOLUTIONS LLC, THYSSENKRUPP SAFWAY, INC. aka SAFEWAY SERVICES, INC., and the UNITED STATES OF AMERICA as follows:

A. General damages in an amount to be proven at trial;

B. Special damages in an amount to be proven at trial;

  C. Pre-judgment and post-judgment interest from the date of the incident;

  D. For Plaintiff's costs of suit incurred herein; and

  E. For such other relief as this honorable Court may deem just and equitable.

DATED: Honolulu, Hawaii, June 17, 2022.

        /s/ Dennis E.W. O'Connor Jr.
        DENNIS E.W. O'CONNOR JR.
        Attorney for Plaintiff
        MICHAEL GARDNER